

RECEIVED

SEP -3 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Andrea Billups, Roger Shannon

            Plaintiffs

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,  )   Case No.
AS TRUSTEE FOR POPULAR ABS, INC., SERIES  )
2007-A; OCWEN LOAN SERVICING LLC aka PHH  )
MORTGAGE SERVICES by way of Merger; LOCKE  )
LORD LLP; NICHOLAS DAVID O'CONNER; MICHAEL  )  JURY TRIAL DEMANDED
BRETT KIND; CODILIS & ASSOCIATES P.C.;  )
THE JUDICIAL SALES CORPORATION; NANCY R.  )
VALLONE; POTESTIVO & ASSOCIATES, P.C.  )
FREDDRENNA M LYLE, CHICAGO TITLE INSURANCE )
  COMPANY  )
DOES-100 INCLUSIVE  )
          Defendants  )

1:19-cv-05891
Judge Sara L. Ellis
Magistrate Judge Susan E. Cox

## COMPLAINT

Plaintiff, ANDREA BILLUPS ("BILLUPS"), and ROGER SHANNON PRO SE hereby

complains of the Defendants,

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR POPULAR ABS,

INC., SERIES 2007-A ("Deutsche"), OCWEN LOAN SERVICING, LLC ("Ocwen") aka PHH

MORTGAGE SERVICES ("PHH") by way of Merger, LOCKE LORD LLP ("Lord"),

NICHOLAS DAVID O'CONNER ("O'Conner"), MICHAEL BRETT KIND ("Kind"),

CODILIS & ASSOCIATES P.C. ("Codilis"), THE JUDICIAL SALES CORP ("JSC") and

NANCY R. VALLONE ("Vallone"), POTESTIVO & ASSOCIATES, P.C.,("Potestivo")  and

FREDDRENNA M. LYLE, ("Lyle") as follows:

## NATURE OF THE ACTION

1.  Billups brings this action for damages from violations of the Fair Debt Collection
    Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), the Real Estate
    Settlement Procedures Act ":RESPA"), the Illinois Consumer Fraud and Deceptive
    Business Practices Act (hereinafter "ICFA"), Breach of Contract, and from violations of
    the bankruptcy discharge injunction pursuant to 11 U.S.C. §§ 524,105.

2.  All of the claims stated herein stem from the wrongful foreclosure and servicing, debt
    collection, and loss mitigation activities related to Billups mortgage loan.

## JURISDICTION AND VENUE

3.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d), 12
    U.S.C. § 2605, Title 11 of U.S.C., and 28 U.S.C. §§1331, 1337, as the action arises under
    the laws of the United States, and supplemental jurisdiction exists for state law claims
    pursuant to 28 U.S.C. §1367.

4.  Venue id proper in this Court pursuant to 28 U.S.C. §1391, as each defendant conducts
    business in this District and a substantial portion of the events or omissions giving rise to
    the claims occurred within this District.

## PARTIES

5.  Plaintiff, Billups, is a natural person who resides at  4136 Lakeview Drive Country Club
    Hills Il 60478 with a parcel number of 28-34-428-017-0000.  The subject property is

Billups primary residence. This is also the address of the property that is the subject of
the mortgage loan with a parcel number of 28-34-201-029-0000 and is referred to as the
"subject lot property". The subject property is Billups primary residence and was not
part of Mortgage loan.

6. Roger Shannon is a natural person over the age of 18 years old, residing in the State of
Illinois and has interest in the subject property.

7. Billups was a Debtor under Chapter 7 of Title 11 of the United States Code in Case
Number 11-17663 discharged August 31, 2011, in the Northern District of Illinois ("the
Chapter 7 Bankruptcy case").

8. At all times relevant to the action, Deutsche Bank was and is a National Association with
its principal place of business in Santa Ana California. Deutsche Bank conducts and
transacts business in the State of Illinois. Deutsche is vicariously liable for the actions of
all Defendant's actions in this matter.

9. At all times relevant the action, Ocwen was and is a Delaware Limited Liability
Company with its principal place of business in West Palm Beach, Florida. Ocwen
conducts and transacts business in the State of Illinois.

10. At all times relevant the action, Locke Lord is a Law Firm with the principal place of
business 111 South Wacker Drive #4100 Chicago Il 60606. Locke Lord conducts and
transacts business in the State of Illinois as a debt collector.

11. At all times relevant the action, Nicholas David O'Conner is an Attorney employed with
Locke Lord a Law Firm with the principal place of business 111 South Wacker Drive
#4100 Chicago Il 60606. Nicholas O 'Conner conducts and transacts business in the State
of Illinois as a debt collector.

12. At all times relevant the action, Michael Brett Kind is an Attorney employed with Locke Lord a Law Firm with the principal place of business 111 South Wacker Drive #4100 Chicago Il 60606. Michael B Kind conducts and transacts business in the State of Illinois as a debt collector.

13. At all times relevant the action, Codilis is a Law Firm with the principal place of business 15W030 North Frontage Road, Suite 100 Burr Ridge, Illinois 60527. Codilis conducts and transacts business in the State of Illinois as a debt collector.

14. At all times relevant the action, JSC is a Law Firm with the principal place of business One South Wacker Drive 24th floor Chicago Il 60606. JSC conducts and transacts business in the State of Illinois as a debt collector.

15. At all times relevant the action, Nancy R. Vallone is the President employed by JSC with the principal place of business One South Wacker Drive 24th Floor Chicago Il 60606. JSC conducts and transacts business in the State of Illinois as a debt collector.

16. At all times relevant the action, Potestivo is a Law Firm with the principal place of business     Chicago Il 60606. Potestivo conducts and transacts business in the State of Illinois as a debt collector.

17. At all times relevant to this action, Freddrenna M Lyle with the principal place of business 50 W Washington Chicago Il 60606. Freddrenna M Lyle conducts and transacts business in the State of Illinois as a circuit Court Judge.

## STATEMENT OF FACTS

18. On December 21, 2005 Plaintiff obtained 2 mortgage loans on pin number 28-34-201-029-0000, loan number 1 was for $51,000 identified in the CCRD by document number

0600946007 and loan number 2 was for $204,000 identified in the CCRD by document number 0600946006.

19. Both liens were released and filed in the Cook County recorder of Deeds.

20. On March 8, 2007. Plaintiff obtained a refinance ("subject debt' or "subject loan") from Equity One Inc. secured by a mortgage on the subject lot property, parcel number 28-34-201-029-0000. **(See exhibit A)** Attached hereto is a true copy of the 2005 and 2007 mortgage, and note.

21. On October 26, 2010 Plaintiff obtained a Loan Modification from Litton Loan Servicing for loan number 40903486.

22. On August 26, 2011 there was an assignment of mortgage filed in the Cook County recorder of deeds office, prepared by Randall S Miller, signed by Constance Baker as Assistant secretary of MERS and notarized on Aug 17, 2011. **(See exhibit B)** attached hereto is a true copy of the Assignment.

23. Plaintiff Andrea Billups filed her chapter 7 bankruptcy on April 2011, and included the debt from pin number 28-34-201-029-0000, which was discharged on September 2011.

24. Plaintiff failed to make payments on the subject loan modification from about May 1, 2011 through September 2011. Therefore, Deutsche declared her loan modification in default.

25. Based on Plaintiff's failure to make her May 1, 2011 through September 2011 payments, on pin number 28-34-201-029-0000 Deutsche Filed a foreclosure complaint in the Circuit Court of Cook County, Illinois on pin number 28-34-428-017-0000.

titled *Deutsche Bank National Trust Company as Trustee for the benefit of the certificate holders Popular ABS, Inc. v. Andrea Billups et al., Case No 12 CH 20593, on April 2012 ("foreclosure").*

26. Deutsche, in the foreclosure complaint, alleged that Plaintiff defaulted on the subject loan parcel number 28-34-428-017-0000 in May 2011. Based on the default, Deutsche accelerated the entire balance of the subject loan.

a.      **Plaintiff's Chapter 7 Bankruptcy**

27. Deutsche Bank intentionally placed themselves in harms way by allegedly acquiring a loan after default and in bankruptcy.

28. Upon filing the Bankruptcy, there was no knowledge of Deutsche therefore they were not disclosed on Schedule D of Plaintiff's bankruptcy petition as a secured creditor. Litton Loan Servicing was disclosed as a secured creditor as a result of the mortgage encumbering the subject lot property.

29. On May   2011 Randall S. Miller filed a Motion to lift the Stay on behalf of Litton Loan Servicing without attaching a proof of claim or description of the parcel number contained in the alleged mortgage. *(Exhibit C) Attached hereto is a true copy of Schedule D of the Plaintiff's bankruptcy petition.*

30. On  2011 they represented to the Judge that Plaintiff reaffirmed the Debt

31. On September   2011 Plaintiff received a Discharge in her  Chapter 7 bankruptcy case.

32. Deutsche did not attend the meeting of the creditors, nor did they object to the discharge of Plaintiff's bankruptcy.

33. Deutsche did not file a motion to lift the Stay, the only motion to lift the stay was filed by

the alleged servicer, which was Litton Loan servicer, which failed to include a proof of claim exhibiting the promissory note, mortgage and assignment. **(Exhibit D)** *attached hereto is a true copy of the Motion to lift the stay filed on behalf of Litton Loan servicer by Randal S. Miller and Associates.*

34. Ocwen allegedly acquired the servicing rights after the bankruptcy discharge and started assessing many fees and expenses which were sometimes assessed to the Plaintiff's mortgage account and/or escrow account.

35. On June 4, 2019 Plaintiff Andrea Billups received a correspondence from PHH Mortgage Services indicating that Ocwen Loan Services has joined forces with PHH Mortgage Services a Mortgage company with well-established mortgage origination and servicing capabilities. As a result, we will be consolidating all mortgage accounts into one company, PHH Mortgage Services ("PHH").

36. On page 4 of the Addendum of Notice of Servicing Transfer, PHH shows Plaintiff with a negative escrow balance of -$106,250.56.

37. On page 7 of the same correspondence titled Mortgage Account Record FDCPA Validation of Debt has PHH Mortgage Services as servicer of the referenced account number 7091040563. It also referenced (hereinafter referred to as "the Debt") for ("Creditor") POPULAR 2007-A. This is the first time that the collection of debt has stated that the credit Popular 2007-A. This correspondence indicates that as of 6/1/2019, their records reflect that the current unpaid debt is : The following charges are directed at the Plaintiff a) Principal $218,647.82; b) Interest $50,138.61; c) late charge $366.63 as of June 1, 2019; d) collections cost $8124.78; e)escrow advances $106,250.56; f) deferred principal balance $76,900.; g) suspense balance; h) a total unpaid debt of

$459,374.08. **(Exhibit E)** *attached hereto is a true copy of Notice from PHH containing important and critical information to this discharged mortgage account.*

38. PHH Mortgage correspondence June 4, 2019 exhibit E states the following information, After 6/11/2019 Plaintiff's relationship manager, Liliana Leguizamon can be contacted by calling the PHH customer Care Center at 877-744-2506 and requesting to speak with him/her.

39. The Plaintiff called Ocwen prior to the change of the new servicer to PHH on or about April 2019 and asked for loss mitigation package in order to attempt to modify the mortgage into reasonable affordable payments. The Plaintiff, Andrea received the application by email from Ocwen Loan servicer. Andrea Billups, the plaintiff returned the requested information to Ocwen's Loss mitigation Department which included a complete submission package to be forwarded to the underwriting department.

40. On or about April 15, 2019 the Plaintiff placed a phone call to Ocwen looking for the status of the loan modification request and an Ocwen employee informed the Plaintiff that Attorney Nicholas O'Conner instructed them not to talk to Plaintiff and to refer the Plaintiff to the law Firm of Locke Lord LLP to speak with Russel Purdue.

41. Attorney Nicholas O'Conner and Michael Kind knowing and intentionally with a deliberate indifference reached out to Ocwen which is not the Defendants client and attempted and did stop the loss mitigation application for being reviewed because of their misrepresentation, and their deceptive practices in violation of the Illinois deceptive Practices act.

42. The Plaintiff was instructed by Attorney Price that Nichols O'Conner from Locke Lord
    sent numerous complaints that Plaintiff was attempting to contact his alleged client
    "Ocwen Loan Services". Plaintiff was forbidden from contacting Ocwen Loan Servicing
    Loss Mitigation Department.

43. The Plaintiff was notified by her attorney Phyllis Price that the request for mortgage
    assistance was denied, and Plaintiff to this day has not received a denial letter from
    Ocwen Loan Servicing.

44. On or about May 5, 2019 and Prior to Plaintiff filing the initial complaint she was
    informed by her Ocwen Relationship Manager that Attorney Russel Perdue of Locke
    Lord instructed him not to communicate with the Plaintiff stating to her Relationship
    Manager that there was pending litigation and Plaintiff had filed suit against Ocwen.

45. Plaintiff informed the Relationship manager from Ocwen that the information provided
    by Locke Lord Attorney Russel Perdue was incorrect and at that time there was no action
    against Ocwen pending.

46. Plaintiff called Locke Lord and spoke to Attorney Russel Purdue requesting the status of
    her Loss Mitigation application and he informed the plaintiff that he would have
    Nicholas O'Conner contact her regarding her request since he was most familiar with the
    case. Plaintiff also inquired why Mr. Perdue informed Ocwen that there was pending
    litigation which was misleading and false. Plaintiff was never contacted by Nicholas
    O'Conner, or Ocwen Loan Servicing regarding the loss mitigation request.

47. On or about July 9, 2019 Plaintiff Andrea Billups received her denial decision for
    modification dated May, 7, 2019 via email from her attorney Phyllis Price.

48. The letter stated that Plaintiff had 30 days to appeal if she did not agree with the decision. Plaintiff was not afforded the opportunity to appeal the decision for denial within the time allotted because she did not receive the communication prior to the expiration date.

49. There was a reinstatement letter sent by Ocwen dated 04/17/2019 had the following deceptive, false, misleading, oppressive and abusive items:

(i)     Misrepresentations of the status of the debt;

(ii)    Attempts to collect illegal fees and cost not authorized by law or the contract;

(iii)   Misrepresentations of the amounts owed for escrow;

(iv)    Declaring the loan in delinquent or default status;

(v)     Threatening a foreclosure sale;

(vi)    Assessing illegal foreclosure fees;

(vii)   Assessing escrow overdraft charges and improper corporate advances fees, and costs in their dunning letters, acceleration notices, reinstatement letters, and payoff letters;

50. Plaintiff has been forced to retain counsel to enforce her rights and has expended time consulting with her Attorneys as a result of Deutsche and/or Ocwen's actions.

51. Deutsche and/or Ocwen's own attorneys were aware that the foreclosure proceeding sought to collect a discharged debt yet proceeded with the action.

52. Deutsche and/or Ocwen's own attorneys were aware that the foreclosure proceeding sought to foreclose on parcel number 28-34-428-017-0000 which was not assigned to the original originator or Deutsche, yet proceeded with the action.

53. Deutsche and/or Ocwen's own attorneys were aware that the foreclosure proceeding sought to foreclose on parcel number 28-34-428-017-0000 that they had no interest in, yet proceeded with the action.

54. Deutsche and/or Ocwen's own attorneys were aware that the foreclosure complaint filed by them contained parcel number 28-34-428-017-0000 that they had no interest in, no lien on and was not assigned to them yet proceeded with the action.

55. Plaintiff has suffered from emotional distress, depression, mental anguish, anxiety, hair loss, sleep deprivation and incurred medical expenses as a direct result of Deutsche and Ocwen's actions as she was led to believe that she would lose her family's residence that was illegally attached to the foreclosure. She believed if she failed to pay the alleged arrears or secure a modification, she would lose her home post petition current payments already discharged and/or paid through her bankruptcy.

56. The post-discharge collection attempts were blatant violations of the Chapter 7 Discharge Order and Billups rights under Federal and State law.

57. In Fact, Ocwen did not investigate anything of substance in response to the QWR's. Ocwen did not address (a) its mismanagement of the escrow; (b)reasons for the monthly payment increases or the escrow "shortages," (c) the overcharging of taxes and insurance; (d) the assessment of erroneous post-bankruptcy charges to post-discharge statements; (e)the assessment of "foreclosure charges" after discharge of a chapter 7 Bankruptcy.

58. On or about April 9, 2019 the Plaintiff received correspondence from Codilis and Associates, regarding the request for validation of the alleged Debt sent to their Firm by Plaintiff, regarding correspondence received March 21, 2019 with the names of Adam A Price and Matthew A Naglewski. The Debt validation letter had a typo dated June 10, 2017. In the correspondence received on the lower part of the correspondence states that the Firm is a debt collector. The letter also directs Plaintiff to contact the office to request the amount to reinstate or payoff the account.

59. **(Exhibit E)** *attached hereto is a true copy of the correspondence received from Codilis & Associates which includes three distinguished altered promissory notes.*

60. On April 28, 2019 Plaintiff applied for a loan modification from Ocwen according to Nicholas O'Conner an Attorney from Locke Lord Law Firm, the Modification was denied on May 6, 2019, approximately 5 business days. One can conclude that this request was never reviewed in the underwriting department.

61. Plaintiff never received a Denial letter from Ocwen, only a communication from Locke Lord attorney Nicholas O'Conner forwarded to Plaintiff's attorney via email.

62. On June 6, 2019 Nicholas O'Conner of Locke Lord prepared and recorded a scrivener's affidavit unauthorized by the Title Policy Company, into the Cook County Recorder of Deeds Records under document number 1915706057. *(See Exhibit F).*

63. The following sequence of events regarding the conduct of Nicholas O'Conner

a. Nicholas Oconner unauthorized by the Title Policy Company does not have jurisdiction to record a Scrivener's Affidavit regarding PIN number 28-34-428-017-0000.

b. Nicholas O'Conner is not eligible or qualified under Illinois law to be the Affiant of the Affidavit of Scrivener's June 6, 2019.

c. Nicholas O'Conner does not have first hand knowledge of the origination of the loan or any details regarding Pin number 28-34-428-017-0000.

d. Nicholas O'Conner was not present during the origination of the loan reflected in his scriveners Affidavit.

e. Nicholas O'Conner was not employed by the Title Policy Company that issued the Title Policy.

d. Nicholas O'Conner was not the mortgage originator on the Mortgage Loan.

e. Nicholas O'Conner is not authorized by the originator to add pin number 28-34-428-017-0000 to the record.

64. The Plaintiff of Andrea Billups through discovery of the Cook County Recorder of Deeds Records discovered that Nicholas O'Conner recorder an Affidavit of Scrivener's to cloud the title on the Plaintiff's property pin number 28-34-428-017-0000, the Plaintiff then disputed the Affidavit under Illinois law, by recording an affidavit of dispute document number 1916557069. *(See Exhibit G).*

65. On August 21, 2019 the Plaintiff Andrea Billups received a correspondence titled "THE JUDICIAL SALES CORPORATION" Upon opening the envelope the Plaintiff, Andrea Billups noticed that the correspondence inside the envelope was from the law Firm Potestivo and Associates. Upon careful examination there was an Amended notice of Sale from the Law Firm in violation of the Fair Debt Collection Practices Act, attempting to collect a debt using false and deceptive practices and by using an envelope from another entity. *(See Exhibit H).*

66. On November 13, 2018 Freddrena Lyle proceeded to make rulings in Plaintiff' Andrea Billups Foreclosure case after ruling on Defendants Motion to Recuse, and refusing to recuse herself.

67. Freddrenna Lyle refused to recuse herself prior to ruling on the Foreclosure Motion for Summary Judgment filed by Plaintiff's. (See Exhibit i)

68. Freddrenna Lyle refused to allow an evidentiary hearing regarding the validity of the promissory note. Lyle refused a hearing to allow the expert witness to present his findings and explain his findings.

69. After Freddrenna Lyle refused to allow expert witness Warren Spencer to testify at an evidentiary hearing, continued bias, practicing law from the bench and rushing Defendant Billups to judgment, making numerous comments about the age of the case and insisting

that the case was over, Andrea Billups was left no other alternative than to file a Motion for Freddrenna Lyle to recuse herself.

70. On November 13, 2018 Freddrenna Lyle ordered Nicholas O'Conner to remove a PIN number 28-34-428-017-0000 which they were not assigned.

71. On a later date Freddrenna Lyle allowed Nicholas O'Conner to add pin number 28-34-428-017-0000 to the Judgment of Foreclosure and Sale, knowing that they had no right to add that Pin number.

72. Freddrenna Lyle attempted to claim that the Federal Bankruptcy Judge gave her jurisdiction and allowed her to add the Pin number 28-34-428-017-0000. What the bankruptcy Judge said was that he was not going to make any rulings in the case, there was no need to because Freddrenna Lyle had already ruled to remove the Pin.

73. Plaintiff Andrea Billups brought to the courts attention that Deutsche Bank and their attorneys did not have any legal rights to pin number 28-34-428-017-0000 and yet they are attempting to add the pin number to the foreclosure. Freddrenna issued an

74. Freddrenna Lyle issued an order allowing Nicholas O'Conner to add Pin number 28-34-428-017-0000 to the Foreclosure, knowing that there was no Mortgage on that Pin number.

## COUNT I-BREACH OF CONTRACT
### (Against Ocwen aka PHH and Deutsche Bank)

75. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

76. Deutsche Bank and/ or Ocwen aka PHH unlawfully charged and maintained deposits in Billups escrow account above the limits allowed by Billups mortgage contract or the $1/6^{th}$ cushion under RESPA.

77. Deutsche Bank and/or Ocwen are in further material breach of contract for their

   a. Assessment of unauthorized late fees, legal fees, costs, & property inspection fees;

   b. Failure to dismiss the foreclosure action for 72 months;

   c. Failure to accurately respond to Billups correspondence and other disputes;

   d. overcharging Billups escrow account for taxes and insurance;

   e. placing the loan in default and illegally accessing Billups credit report during litigation.

   f. Converting escrow funds to unauthorized fees and costs; and

   g. Failure to conduct its affairs in good faith.

      WHEREFORE, Plaintiff ANDREA BILLUPS respectfully requests that this Honorable Court to:

      a. Find that Deutsche Bank and OCWEN aka PHH have materially breached the mortgage contract;

      b. Award Plaintiff her actual damages to be proven at trial;

      c. Award Plaintiff her reasonable attorney fees and costs; and

      d. Award Plaintiff any other relief this Honorable Court deems equitable and Just.

## COUNT II-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Ocwen aka PHH)

78. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

79. Plaintiff is a 'consumer" as defined by FDCPA § 1692a(3).

80. The subject debt and the unauthorized fees and costs qualify as a "debts" as defined by FDCPA § 1692a(5) as they arise out of a transaction for personal, family, or household purposes.

81. Ocwen is a 'debt collector" as defined by § 1692a(6) because Ocwen regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts. Ocwen is a "debt collector" under the FDCPA because the Mortgage Loan was in default at time the Mortgage loan was acquired by Ocwen.

82. The FDCPA prohibits the use of "conduct the natural consequence o which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

83. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

84. The FDCPA prohibits the use of "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

85. Defendant violated 15 U.S.C. §§1692 d, e(2), e(5), e(8), e(10), f and f(1) through its debt collection efforts.

**Violations of §1692d**

86. Ocwen violated 15 U.S.C. §1692d when Ocwen engaged in abusive and oppressive conduct within one year of the filing of the Complaint through (i) unethical mismanagement of the escrow account; (ii) refusal to correct their accounting errors or adequately respond to Plaintiff repeated disputes over several years; (iii) misapplication and rejection of payments; (iv) assessment of illegal fees; and improperly attempting to collect amounts already paid by Plaintiff.

**Violations of §1692e & f**

87. Ocwen's actions violated 15 U.S.C. §§ 1692e § f by unfairly, unconscionable, falsely and deceptively (i) misrepresenting the status of the debt; (ii) attempting to collect illegal

fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and (viii) reporting false information and by reporting the loan delinquent to credit bureaus.

88. Ocwen violated 15 U.S.C. § 1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debt by (i) attempting to collect illegal fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a foreclosure sale, (v) assessing illegal foreclosure fees; and (vi) assessing escrow over4draft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

89. Ocwen violated 15 U.S.C. § 1692(e)(5) when it took legal action that cannot legally be taken by not dismissing the foreclosure case as a result of the Chapter 7 Discharge and subsequently (i) making misrepresentations of the legal status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) making misrepresentations of the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters and payoff letters.

90. Ocwen violated 15 U.S.C. § 1692e(8)by reporting false information to third parties when it reported Billups loan as delinquent to the three credit bureaus.

91. Ocwen violated 15 U.S.C. § 1692(e)(10) when it employed deceptive means by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

92. Ocwen violated 15 U.S.C. § 1692f by employing unfair and unconscionable means to collect the subject debt by (i) attempting to collect illegal fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a foreclosure sale, (v) assessing illegal foreclosure fees; (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and (vii) reporting false information and by reporting the loan delinquent to credit bureaus.

93. Ocwen violated 15 U.S.C. § 1692f(1) by attempting to collect and collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that were not expressly authorized by he agreement creating the debt (Note and/ or Mortgage) or permitted by law via the Chapter 7 Bankruptcy Discharge by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting of the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale; (vi) assessing illegal foreclosure fees; ( vii) assessing  escrow overdraft

charges and improper corporate advances, fees, and costs in their dunning letters,

acceleration notices, restatement letters, and payoff letters; and (viii) reporting false

information and by reporting the loan delinquent to credit bureaus.

WHEREFORE, Plaintiff ANDREA BILLUPS requests that this Honorable Court:

a. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

b. enter judgment in favor of Plaintiff and against Ocwen;

c. declare that the practices complained of herein are unlawful and violate the

aforementioned statutes and regulations;

d. award Plaintiff statutory and actual damages, in an amount to be determined at trial,

for the underlying FDCPA violations;

e. order the declaration of all adverse credit reporting related to the loan;

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.

§1692k; and

g. award any other relief as this Honorable Court deems just and appropriate.

## COUNT III-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Locke Lord)

94. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

95. Plaintiff is a 'consumer" as defined by FDCPA § 1692a(3).

96. The subject debt and the unauthorized fees and costs qualify as a "debts" as defined by

FDCPA § 1692a(5) as they arise out of a transaction for personal, family, or household

purposes.

97. Locke Lord LLP is a 'debt collector" as defined by § 1692a(6) because Ocwen regularly

collects debts and uses the mail and/or the telephone to collect delinquent consumer

accounts. Locke Lord LLP is a "debt collector" under the FDCPA because the Mortgage Loan was in default at time the Mortgage loan was allegedly acquired by Deutsche Bank.

98. The FDCPA prohibits the use of "conduct the natural consequence to which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

99. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

100.      The FDCPA prohibits the use of "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

101.      Defendant violated 15 U.S.C. §§1692 d, e(2), e(5), e(8), e(10), f and f(1) through its debt collection efforts.

**Violations of §1692d**

102.      Locke Lord LLP violated 15 U.S.C. §1692d when Locke Lord LLP engaged in abusive and oppressive conduct after the filing of the Complaint through (i) refusal to correct their accounting errors or adequately respond to Plaintiff repeated disputes over several years; (ii) assessment of illegal fees; and improperly attempting to collect amounts discharged.

**Violations of §1692e & f**

103.      Locke Lord LLP actions violated 15 U.S.C. §§ 1692e § f by unfairly, unconscionable, falsely and deceptively (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees;

(vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and

104.     Locke Lord LLP violated 15 U.S.C. § 1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debt by (i) attempting to collect illegal fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a foreclosure sale, (v) assessing illegal foreclosure fees; and (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

105.     Locke Lord LLP violated 15 U.S.C. § 1692(e)(5) when it took legal action that cannot legally be taken by not dismissing the foreclosure case as a result of the Chapter 7 Discharge and subsequently (i) making misrepresentations of the legal status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) making misrepresentations of the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters and payoff letters.

106.     Locke Lord LLP violated 15 U.S.C. § 1692e(8)by reporting false information to third parties when it reported Billups loan as delinquent.

107.     Locke Lord LLP violated 15 U.S.C. § 1692(e)(10) when it employed deceptive means by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts

owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

108.    Locke Lord LLP violated 15 U.S.C. § 1692f by employing unfair and unconscionable means to collect the subject debt by (i) attempting to collect illegal fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a foreclosure sale, (v) assessing illegal foreclosure fees; (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and (vii) reporting false information.

109.    Locke Lord LLP violated 15 U.S.C. § 1692f(1) by attempting to collect and collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that were not expressly authorized by the agreement creating the debt (Note and/ or Mortgage) or permitted by law via the Chapter 7 Bankruptcy Discharge by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting of the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale; (vi) assessing illegal foreclosure fees; ( vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and (viii) reporting false information and by reporting the loan delinquent to credit bureaus.

WHEREFORE, Plaintiff ANDREA BILLUPS requests that this Honorable Court:

a. enter judgment in favor of Plaintiff and against Locke Lord LLP;

b. declare that the practices complained of herein are unlawful and violate the

aforementioned statutes and regulations;

c. award Plaintiff statutory and actual damages, in an amount to be determined at trial, for

the underlying FDCPA violations;

d. order the declaration of all adverse credit reporting related to the loan;

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.

§1692k; and

f. award any other relief as this Honorable Court deems just and appropriate.

## COUNT 4-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Nicholas David O'Conner)

110.        Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

111.        Plaintiff is a 'consumer" as defined by FDCPA § 1692a(3).

112.        The subject debt and the unauthorized fees and costs qualify as a "debts" as

defined by FDCPA § 1692a(5) as they arise out of a transaction for personal, family, or

household purposes.

113.        Nicholas D. O'Conner is a 'debt collector" as defined by § 1692a(6) because

Nicholas O'Conner regularly collects debts and uses the mail and/or the telephone to

collect delinquent consumer accounts. Nicholas O'Conner is a "debt collector" under

the FDCPA because the Mortgage Loan was in default at time the Mortgage loan was

allegedly acquired by Deutsche Bank.

114.     The FDCPA prohibits the use of "conduct the natural consequence to which is to

harass, oppress, or abuse any person in connection with the collection of a debt." 15

U.S.C. § 1692d.

115.     The FDCPA prohibits the use of "any false, deceptive, or misleading

representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e.

116.     The FDCPA prohibits the use of "use unfair or unconscionable means to collect

or attempt to collect any debt." 15 U.S.C. § 1692f.

117.     Defendant violated 15 U.S.C. §§1692 d, e(2), e(5), e(8), e(10), f and f(1) through

its debt collection efforts.

### Violations of §1692d

118.     Nicholas O'Conner violated 15 U.S.C. §1692d when Nicholas O'Conner

engaged in abusive and oppressive conduct after the filing of the Complaint through (i)

refusal to correct their accounting errors or adequately respond to Plaintiff repeated

disputes over several years; (ii) assessment of illegal fees; and improperly attempting to

collect amounts discharged.

### Violations of §1692e & f

119.     Nicholas O'Conners actions violated 15 U.S.C. §§ 1692e § f by unfairly,

unconscionable, falsely and deceptively (i) misrepresenting the status of the debt; (ii)

attempting to collect illegal fees and costs not authorized by law or the contract; (iii)

misrepresenting the amounts owed for escrow; (iv) declaring the loan in delinquent or

default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees;

(vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and

120.    Nicholas O'Conner violated 15 U.S.C. § 1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debt by (i) attempting to collect illegal fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a foreclosure sale, (v) assessing illegal foreclosure fees; and (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

121.    Nicholas O'Conner violated 15 U.S.C. § 1692(e)(5) when it took legal action that cannot legally be taken by not dismissing the foreclosure case as a result of the Chapter 7 Discharge and subsequently (i) making misrepresentations of the legal status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) making misrepresentations of the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters and payoff letters.

122.    Nicholas O'Conner violated 15 U.S.C. § 1692e(8)by reporting false information to third parties when it reported Billups loan as delinquent to the CFPB, and Plaintiff's Attorney.

123.    Nicholas O'Conner violated 15 U.S.C. § 1692(e)(10) when it employed deceptive means by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal

fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

124.    Nicholas O'Conner violated 15 U.S.C. § 1692f by employing unfair and unconscionable means to collect the subject debt by (i) attempting to collect illegal fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a foreclosure sale, (v) assessing illegal foreclosure fees; (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and (vii) reporting false information.

125.    Nicholas O'Conner violated 15 U.S.C. § 1692f(1) by attempting to collect and collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that were not expressly authorized by the agreement creating the debt (Note and/ or Mortgage) or permitted by law via the Chapter 7 Bankruptcy Discharge by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting of the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale; (vi) assessing illegal foreclosure fees; ( vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters,

acceleration notices, restatement letters, and payoff letters; and (viii) reporting false

information and by reporting the loan delinquent to credit bureaus.

WHEREFORE, Plaintiff ANDREA BILLUPS requests that this Honorable Court:

a. enter judgment in favor of Plaintiff and against Nicholas O'Conner ;

b. declare that the practices complained of herein are unlawful and violate the

aforementioned statutes and regulations;

c. award Plaintiff statutory and actual damages, in an amount to be determined at trial, for

the underlying FDCPA violations;

d. order the declaration of all adverse credit reporting related to the loan;

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k;

and

f. award any other relief as this Honorable Court deems just and appropriate.

## COUNT 5-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Michael B Kind)

126.    Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

127.    Plaintiff is a 'consumer" as defined by FDCPA § 1692a(3).

128.    The subject debt and the unauthorized fees and costs qualify as a "debts" as

defined by FDCPA § 1692a(5) as they arise out of a transaction for personal, family, or

household purposes.

129.    Michael B Kind is a 'debt collector" as defined by § 1692a(6) because Michael

B Kind regularly collects debts and uses the mail and/or the telephone to collect

delinquent consumer accounts.  Michael B Kind is a "debt collector" under the FDCPA

because the Mortgage Loan was in default at time the Mortgage loan was allegedly

acquired by Deutsche Bank.

130.     The FDCPA prohibits the use of "conduct the natural consequence to which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

131.     The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

132.     The FDCPA prohibits the use of "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

133.     Defendant violated 15 U.S.C. §§1692 d, e(2), e(5), e(8), e(10), f and f(1) through its debt collection efforts.

**Violations of §1692d**

134.     Michael B Kind violated 15 U.S.C. §1692d when he engaged in abusive and oppressive conduct after the filing of the Complaint through (i) refusal to correct their accounting errors or adequately respond to Plaintiff repeated disputes over several years; (ii) assessment of illegal fees; and improperly attempting to collect amounts discharged.

**Violations of §1692e & f**

135.     Michael B Kind actions violated 15 U.S.C. §§ 1692e § f by unfairly, unconscionable, falsely and deceptively (i) misrepresenting the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and

136.    Michael B Kind violated 15 U.S.C. § 1692(e)(2) when it misrepresented the

character, amount, or legal status of the subject debt by (i) attempting to collect illegal

fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts

owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening

a foreclosure sale, (v) assessing illegal foreclosure fees; and (vi) assessing escrow

overdraft charges and improper corporate advances, fees, and costs in their dunning

letters, acceleration notices, restatement letters, and payoff letters.

137.    Michael B Kind violated 15 U.S.C. § 1692(e)(5) when it took legal action that

cannot legally be taken by not dismissing the foreclosure case as a result of the Chapter 7

Discharge and subsequently (i) making misrepresentations of the legal status of the debt;

(ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii)

making misrepresentations of the amounts owed for escrow; (iv) declaring the loan in

delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal

foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate

advances, fees, and costs in their dunning letters, acceleration notices, restatement letters

and payoff letters.

138.    Michael B Kind violated 15 U.S.C. § 1692e(8)by reporting false information to

third parties when it reported Billups loan as delinquent to the CFPB, and Plaintiff's

Attorney.

139.    Michael B Kind violated 15 U.S.C. § 1692(e)(10) when it employed deceptive

means by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal

fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts

owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a

foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

140.     Michael B Kind violated 15 U.S.C. § 1692f by employing unfair and unconscionable means to collect the subject debt by (i) attempting to collect illegal fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a foreclosure sale, (v) assessing illegal foreclosure fees; (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and (vii) reporting false information.

141.     Michael B Kind violated 15 U.S.C. § 1692f(1) by attempting to collect and collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that were not expressly authorized by the agreement creating the debt (Note and/ or Mortgage) or permitted by law via the Chapter 7 Bankruptcy Discharge by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting of the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale; (vi) assessing illegal foreclosure fees; ( vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters; and (viii) reporting false information and by reporting the loan delinquent to credit bureaus.

WHEREFORE, Plaintiff ANDREA BILLUPS requests that this Honorable Court:

a. enter judgment in favor of Plaintiff and against Michael B Kind;

b. declare that the practices complained of herein are unlawful and violate the

aforementioned statutes and regulations;

c. award Plaintiff statutory and actual damages, in an amount to be determined at trial,

for the underlying FDCPA violations;

d. order the declaration of all adverse credit reporting related to the loan;

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k;

and

f. award any other relief as this Honorable Court deems just and appropriate.

## COUNT 6-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Codilis & Associates)

142.    Billups restates and re alleges all prior paragraphs as though fully set forth herein.

143.    Plaintiff is a 'consumer" as defined by FDCPA § 1692a(3).

144.    The subject debt and the unauthorized fees and costs qualify as a "debts" as

defined by FDCPA §1692a(5) as they arise out of a transaction for personal, family, or

household purposes.

145.    Codilis & Associates is a 'debt collector" as defined by § 1692a(6) because

Ocwen regularly collects debts and uses the mail and/or the telephone to collect

delinquent consumer accounts.  Locke Lord LLP is a "debt collector" under the FDCPA

because the Mortgage Loan was in default at time the Mortgage loan was allegedly

acquired by Deutsche Bank.

146.    The FDCPA prohibits the use of "conduct the natural consequence to which is to

harass, oppress, or abuse any person in connection with the collection of a debt." 15

U.S.C. § 1692d.

147.    The FDCPA prohibits the use of "any false, deceptive, or misleading
representation or means in connection with the collection of any debt." 15 U.S.C. §
1692e.

148.    The FDCPA prohibits the use of "use unfair or unconscionable means to collect
or attempt to collect any debt." 15 U.S.C. § 1692f.

149.    Defendant violated 15 U.S.C. §§1692 d, e(2), e(5), e(8), e(10), f and f(1) through
its debt collection efforts.

### Violations of §1692d

150.    Codilis & Associates violated 15 U.S.C. §1692d when Codilis & Associates
engaged in abusive and oppressive conduct after the filing of the Complaint through (i)
refusal to correct their accounting errors or adequately respond to Plaintiff repeated
disputes over several years; (ii) assessment of illegal fees; and improperly attempting to
collect amounts discharged.

### Violations of §1692e & f

151.    Codilis & Associates actions violated 15 U.S.C. §§ 1692e § f by unfairly,
unconscionable, falsely and deceptively (i) misrepresenting the status of the debt; (ii)
attempting to collect illegal fees and costs not authorized by law or the contract; (iii)
misrepresenting the amounts owed for escrow; (iv) declaring the loan in delinquent or
default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees;
(vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs
in their dunning letters, acceleration notices, restatement letters, and payoff letters; and

152.    Codilis & Associates violated 15 U.S.C. § 1692(e)(2) when it misrepresented the
character, amount, or legal status of the subject debt by (i) attempting to collect illegal

fees and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a foreclosure sale, (v) assessing illegal foreclosure fees; and (vi) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

153.    Codilis & Associates violated 15 U.S.C. § 1692(e)(5) when it took legal action that cannot legally be taken by not dismissing the foreclosure case as a result of the Chapter 7 Discharge and subsequently (i) making misrepresentations of the legal status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) making misrepresentations of the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters and payoff letters.

154.    Codilis & Associates violated 15 U.S.C. § 1692e(8)by reporting false information to third parties when it reported Billups loan as delinquent.

155.    Codilis & Associates violated 15 U.S.C. § 1692(e)(10) when it employed deceptive means by (i) misrepresenting of the status of the debt; (ii) attempting to collect illegal fees and costs not authorized by law or the contract; (iii) misrepresenting the amounts owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a foreclosure sale, (vi) assessing illegal foreclosure fees; and (vii) assessing escrow overdraft charges and improper corporate advances, fees, and costs in their dunning letters, acceleration notices, restatement letters, and payoff letters.

156.     Codilis & Associates violated 15 U.S.C. § 1692f by employing unfair and

unconscionable means to collect the subject debt by (i)  attempting to collect illegal fees

and costs not authorized by law or the contract; (ii) misrepresenting the amounts owed for

escrow; (iii) declaring the loan in delinquent or default status; (iv) threatening a

foreclosure sale, (v) assessing illegal foreclosure fees; (vi) assessing escrow overdraft

charges and improper corporate advances, fees, and costs in their dunning letters,

acceleration notices, restatement letters, and payoff letters; and (vii) reporting false

information.

157.     Codilis & Associates violated 15 U.S.C. § 1692f (1) by attempting to collect and

collecting amounts (including any interest, fee, charge, or expense incidental to the

principal obligation) that were not expressly authorized by the agreement creating the

debt  (Note and/ or Mortgage) or permitted by law via the Chapter 7 Bankruptcy

Discharge by (i) misrepresenting of the status of the debt;  (ii) attempting to collect illegal

fees and costs not authorized by law or the contract; (iii) misrepresenting of the amounts

owed for escrow; (iv) declaring the loan in delinquent or default status; (v) threatening a

foreclosure sale; (vi) assessing illegal foreclosure fees; ( vii) assessing escrow overdraft

charges and improper corporate advances, fees, and costs in their dunning letters,

acceleration notices, restatement letters, and payoff letters; and  (viii) reporting false

information and by reporting the loan delinquent to credit bureaus.

WHEREFORE, Plaintiff ANDREA BILLUPS requests that this Honorable Court:

a.     enter judgment in favor of Plaintiff and against Codilis & Associates;

b.     declare that the practices complained of herein are unlawful and violate the

aforementioned statutes and regulations;

c. award Plaintiff statutory and actual damages, in an amount to be determined at trial,

for the underlying FDCPA violations;

   d. order the declaration of all adverse credit reporting related to the loan;

   e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.

§1692k; and

   f. award any other relief as this Honorable Court deems just and appropriate.

## COUNT 7-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Nicholas O' Conner)

   a. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

   b. Nicholas D O'Conner violated section 1692d prohibits debt collectors from engaging "in an

conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." 15 U.S.C. § 1692d. Billups claims that Nicholas D

O'Conner violated this section when it "engaged in abusive and oppressive conduct through

unethical and unauthorized scriveners affidavit into the chain of title unto the property pin

number 28-34-428-017-0000.

   c. Nicholas O'Conner unauthorized by the Title Policy Company does not have jurisdiction

   to record a Scrivener's Affidavit regarding PIN number 28-34-428-017-0000.

   d. Nicholas O'Conner is not eligible or qualified under Illinois law to be the Affiant of the

   Affidavit of Scrivener's June 6, 2019.

   e. Nicholas O'Conner does not have first hand knowledge of the origination of the loan or

   any details regarding Pin number 28-34-428-017-0000.

f. Nicholas O'Conner was not present during the origination of the loan reflected in his scriveners Affidavit.

g. Nicholas O'Conner was not employed by the Title Policy Company that issued the Title Policy.

h. Nicholas O'Conner was not the mortgage originator on the Mortgage Loan.

i. Nicholas O'Conner is not authorized by the originator to add pin number 28-34-428-017-0000 to the record.

158.      WHEREFORE, Plaintiff ANDREA BILLUPS requests that this Honorable Court:

   a.   enter judgment in favor of Plaintiff and against Nicholas O'Conner;

   b.   declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   c.  award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   d.   order the declaration of all adverse credit reporting related to the loan;

   e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

   f. award any other relief as this Honorable Court deems just and appropriate.

## COUNT 8-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Nicholas O' Conner)

a.   Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

b. Nicholas D O'Conner violated section 15 U.S.C. 1692e, false or misleading

representations. A debt collector may not use any false, deceptive, or misleading representation

or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken.

c. Nicholas O'Conner unauthorized by the Title Policy Company does not have jurisdiction to record a Scrivener's Affidavit regarding PIN number 28-34-428-017-0000.

d. Nicholas O'Conner is not eligible or qualified under Illinois law to be the Affiant of the Affidavit of Scrivener's June 6, 2019.

e. Nicholas O'Conner does not have first hand knowledge of the origination of the loan or any details regarding Pin number 28-34-428-017-0000.

f. Nicholas O'Conner was not present during the origination of the loan reflected in his scriveners Affidavit.

g. Nicholas O'Conner was not employed by the Title Policy Company that issued the Title Policy.

h. Nicholas O'Conner was not the mortgage originator on the Mortgage Loan.

i. Nicholas O'Conner is not authorized by the originator to add pin number 28-34-428-017-0000 to the record.

159.     WHEREFORE, Plaintiff ANDREA BILLUPS requests that this Honorable Court:

a. enter judgment in favor of Plaintiff and against Nicholas O'Conner;

b. declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

c. award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d.  order the declaration of all adverse credit reporting related to the loan;

e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f. award any other relief as this Honorable Court deems just and appropriate.

## COUNT 9-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Locke Lord LLP)

a. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

b. Locke Lord LLP violated section 1692d prohibits debt collectors from engaging "in an conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Billups claims that Locke Lord LLP violated this section when it "engaged in abusive and oppressive conduct through unethical and unauthorized scriveners affidavit into the chain of title unto the property pin number 28-34-428-017-0000.

c. Locke Lord LLP unauthorized by the Title Policy Company does not have jurisdiction to record a Scrivener's Affidavit regarding PIN number 28-34-428-017-0000.

d. Locke Lord LLP is not eligible or qualified under Illinois law to be the Affiant of the Affidavit of Scrivener's June 6, 2019.

e. Locke Lord LLP does not have first hand knowledge of the origination of the loan or any details regarding Pin number 28-34-428-017-0000.

f. Locke Lord LLP was not present during the origination of the loan reflected in his scriveners Affidavit.

g. Locke Lord LLP was not employed by the Title Policy Company that issued the Title Policy.

h. Locke Lord LLP was not the mortgage originator on the Mortgage Loan.

i. Locke Lord LLP is not authorized by the originator to add pin number 28-34-428-017-0000 to the record.

160.     WHEREFORE, Plaintiff ANDREA BILLUPS requests that this Honorable Court:

    a.   enter judgment in favor of Plaintiff and against Locke Lord LLP;

    b.   declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    c.  award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    d.   order the declaration of all adverse credit reporting related to the loan;

    e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    f. award any other relief as this Honorable Court deems just and appropriate.

## COUNT 10-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Locke Lord LLP)

a. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

b. Locke Lord LLP violated section 15 U.S.C. § 1692e, false or misleading representations.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the

foregoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken.

c. Locke Lord LLP unauthorized by the Title Policy Company does not have jurisdiction to record a Scrivener's Affidavit regarding PIN number 28-34-428-017-0000.

d. Locke Lord LLP is not eligible or qualified under Illinois law to be the Affiant of the Affidavit of Scrivener's June 6, 2019.

e. Locke Lord LLP does not have first hand knowledge of the origination of the loan or any details regarding Pin number 28-34-428-017-0000.

f. Locke Lord LLP was not present during the origination of the loan reflected in his scriveners Affidavit.

g. Locke Lord LLP was not employed by the Title Policy Company that issued the Title Policy.

h. Locke Lord LLP was not the mortgage originator on the Mortgage Loan.

i. Locke Lord LLP is not authorized by the originator to add pin number 28-34-428-017-0000 to the record.

## COUNT 11-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Potestivo & Associates P.C)

161. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

145. Potestivo & Associates violated 15 U.S.C. 1692e using deceptive practices means attempting to collect a debt that was discharged through bankruptcy.

## COUNT 12-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
### ACT (Against Potestivo & Associates P.C)

146. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

147. Potestivo & Associates violated 15 U.S.C. 1692E using deceptive practices attempting to collect a debt by using an envelope from another entity that did not display their Law Firm and did not state the intended purpose.

## COUNT 13-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Freddrenna M Lyle)

148. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

149. Freddrenna M Lyle violated 28 U.S.C. 455

## COUNT 14-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Freddrenna M Lyle)

150. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

151. Freddrenna M Lyle violated 28 U.S.C. 455(a)(b).

162. Under § 455(a), recusal is mandatory in "any proceeding in which his impartiality might reasonably be questioned." Under § 455(b), a judge is expected to disqualify himself whenever any of the five statutorily prescribed criteria can be shown to exist in fact; even if no motion or affidavit seeking such relief has been filed, and regardless of whether a reasonable person would question the judge's impartiality.

Section 455(b) (1) provides that a judge should disqualify himself in any proceeding in which he has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

## COUNT 14-EXCEEDING JURISDICTION
### (Against Freddrenna M Lyle)

163. Billups restates and re-alleges all prior paragraphs as though fully set forth herein.

164. Freddrenna Lyle violated 28 U.S.C. 1332 by refusing to address Jurisdictional issues.

165. Freddrenna Lyle exceeded her jurisdiction as a judge when she refused to recuse herself in violation of Supreme Court Rule,

Dated: September 3, 2019

Respectfully submitted,

  /s/ Andrea Billups
Plaintiff Andrea Billups
4136 Lakeview Drive
Country Club Hills Il 60478
708-953-7999
Email: ddiivvaa2002@yahoo.com

 /s/ Roger Shannon
 Plaintiff Roger Shannon
 Po Box 64282
 Gary Indiana 64282
 Email: Shannon.roger@yahoo.com