UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA BILLUPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19 C 5891 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| PHH MORTGAGE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Andrea Billups filed this action against Defendants PHH Mortgage Corporation ("PHH"), as successor by merger to Ocwen Loan Servicing ("Ocwen"), Locke Lord LLP, and Nicholas O'Conner—one of Locke Lord's attorneys—regarding her mortgage loan that PHH serviced.[1] In her third amended complaint ("TAC"), Billups brings federal claims for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and her Chapter 7 bankruptcy discharge injunction, 11 U.S.C. § 524 *et seq.* She also asserts state law claims for breach of contract, breach of fiduciary duties, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 810 Ill. Comp. Stat. 505/1 *et seq.* Billups has since voluntarily dismissed her claims against two of the Defendants in this action—Locke Lord and O'Conner—and, thus, the only claims left before the Court are those against PHH. That is, the remaining claims are for PHH's alleged violations of the FDCPA (Count I), the bankruptcy

---

[1] Billups has filed three other cases in federal court related to her mortgage loan. *See Billups v. Deutsche Bank Nat'l Tr. Co.*, No. 15 C 3165 (N.D. Ill.) (voluntarily dismissed without prejudice); *Billups v. Deutsche Bank Nat'l Tr.*, No. 19 C 3570 (N.D. Ill.) (dismissed without prejudice for failure to pay the filing fee); *Billups v. Ocwen Loan Servicing LLC*, No. 19 C 7873 (N.D. Ill.).

discharge injunction (Count III), ICFA (Count V), and RESPA (Count VI), as well as breach of contract (Count IV) and breach of fiduciary duties (Count VII).

PHH has filed a motion to dismiss all claims in the TAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For reasons articulated more fully below, the *Rooker-Feldman* doctrine does not apply because Billups filed this action during the pendency of related state court foreclosure proceedings. The Court cannot consider her bankruptcy discharge claim, however, which she can only bring as a contempt proceeding in the bankruptcy court. In addition, Billups' RESPA claim fails to the extent that it relies on allegations that PHH did not timely acknowledge or respond to Billups' qualified written request dated June 15, 2019, as her own exhibits contradict the allegation. The remaining claims all survive, but the Court stays this action until final resolution of the state court proceedings.

## BACKGROUND[2]

On December 21, 2005, Billups obtained two loans from Popular Financial Services LLC, secured by property at 4136 Lakeview Drive, Country Club Hills, IL 60478 (the "Property"). On March 8, 2007, Billups consolidated and refinanced her loans with Equity One, Inc., which assumed the security interest in the Property. In October 2010, Billups obtained a loan modification from Litton Loan Servicing ("Litton"), the loan servicer at the time. She eventually defaulted on that loan on May 1, 2011.

---

[2] The facts in the background section are taken from the TAC and the exhibits attached thereto, and are presumed true for the purpose of resolving the motion to dismiss pursuant to Rule 12(b)(6). *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court also takes judicial notice of "facts readily ascertainable from the public court record and not subject to reasonable dispute" from the state court and bankruptcy proceedings. *See Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012). Finally, where an exhibit contradicts allegations in the complaint, the exhibit controls over the conflicting allegations. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998).

A few days prior, on April 26, 2011, Billups filed a Chapter 7 bankruptcy petition. Billups listed Litton on her Schedule D form, with the mistaken understanding that Litton was the secured creditor with a security interest in the Property. Ocwen acquired Litton on June 5, 2011 and became Billups' loan servicer. The mortgage loan itself appears to have been securitized, with Deutsche Bank National Trust Company ("Deutsche Bank") serving as both trustee and mortgagee, leaving Litton/Ocwen as the mortgage servicer. On May 10, 2011, Deutsche Bank filed notice with the bankruptcy court claiming to be the trustee for Popular ABS, Inc., Series 2007-A and the creditor's authorized agent to collect Billups' mortgage debt. Thereafter, Litton—on behalf of Deutsche Bank—filed a motion to lift the automatic stay in order for Deutsche Bank to foreclose on the Property, and the bankruptcy court granted that motion.[3] Billups eventually received a Chapter 7 bankruptcy discharge and accompanying discharge injunction on September 12, 2011.[4]

Following the bankruptcy discharge, Ocwen periodically sent Billups escrow disclosure statements and other communications regarding her mortgage loan account. Ocwen's communications to Billups continued through 2019, when she filed the present action. In June 2019, Billups received letters from PHH stating that PHH would be her new mortgage servicer. Ocwen and PHH's communications to Billups range from escrow disclosure statements to statements acknowledging Billups' bankruptcy discharge to letters explaining the change in

---

[3] Billups alleges that Litton/Ocwen did not file an appearance before the bankruptcy court, however, Exhibits E and I attached to Billups' TAC demonstrate that Litton—as the servicing agent for Deutsche Bank—did in fact file a motion to lift the automatic stay in order for Deutsche Bank to foreclose on the Property. Doc. 75 at 110–11, 129–30.

[4] Billups includes various factual allegations that appear to implicitly question the validity of her mortgage loan following the bankruptcy discharge and whether the mortgage was validly perfected in the first place. *See, e.g.*, Doc. 75 ¶¶ 26, 33, 34, 40, 51. These allegations have no bearing on Billups' actual claims before the Court, so the Court does not address them.

mortgage servicers from Ocwen to PHH. In response to these various communications, Billups sent Ocwen/PHH qualified written requests ("QWRs") regarding the servicing of her mortgage loan—once in April 2019 and once on June 15, 2019. PHH responded to at least the June 15, 2019 QWR.

Against this backdrop, Deutsche Bank, in its capacity as trustee, filed a foreclosure action against Billups in the Circuit Court of Cook County, Illinois in 2012. Billups challenged the foreclosure through a variety of means in state court, but the state court ultimately rejected all of her arguments. The state court issued a foreclosure judgment on November 13, 2018, amended that judgment on March 8, 2019, and issued a final order approving the report of sale and distribution, confirming the sale and eviction order, on October 7, 2019. Billups appealed the state court's orders in the foreclosure action to the Illinois Appellate Court on September 26, 2019. The Illinois Appellate Court affirmed the foreclosure judgment on September 30, 2020 and declined Billups' untimely request for rehearing. Billups has filed a petition for leave to appeal to the Illinois Supreme Court, which the Illinois Supreme Court granted on December 1, 2020. The Court received Billups' complaint in the present action on September 3, 2019, and it was filed on October 24, 2019, after she paid the filing fee.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). Where the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to

4

determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Rule 12(b)(1) Challenges

#### A. *Rooker-Feldman* Doctrine

PHH first argues that the Court lacks subject matter jurisdiction over Billups' claims (with the exception of PHH's alleged violation of the bankruptcy discharge) because the *Rooker-Feldman* doctrine bars her claims. The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* does not prevent

a plaintiff from proceeding in federal court, however, if the plaintiff filed the federal suit before her state court proceeding had concluded. *Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014) ("*Rooker-Feldman* does not bar the claims of federal-court plaintiffs who . . . file a federal suit when a state-court appeal is pending."); *see also Pangman v. Sellen*, --- F. App'x ----, 2020 WL 7042960, at *2 (7th Cir. 2020) ("[T]he Supreme Court has made clear that the entry of a state-court judgment after a federal lawsuit has commenced . . . does not trigger a jurisdictional bar."); *Houston v. AIMCO*, No. 18 C 2635, 2019 WL 1077125, at *2 (N.D. Ill. Mar. 7, 2019) (citing *Parker*, 757 F.3d at 705–06). But the Seventh Circuit has applied *Rooker-Feldman* to federal cases filed after the entry of a judgment of foreclosure in a state court action even though Illinois treats such orders as interlocutory, deeming the judgment of foreclosure to be "effectively final." *See Bauer v. Koester*, 951 F.3d 863, 867 (7th Cir. 2020) (state foreclosure case was "effectively final" after entry of judgment of foreclosure where the plaintiffs had paid all the monetary judgments against them and negated the need for a judicial sale); *Carpenter v. PNC Bank*, 633 F. App'x 346, 348 (7th Cir. 2016) (applying *Rooker-Feldman* to an interlocutory foreclosure judgment).

Here, the Court received Billups' complaint on September 3, 2019, and it was deemed filed on October 24, 2019, when Billups paid the filing fee. Either date falls after the state court entered the judgment of foreclosure, an order the Seventh Circuit has in other instances treated as effectively final for purposes of applying *Rooker-Feldman*. *See Bauer*, 951 F.3d at 867. But Billups' case is complicated by the fact that, even after the entry of the judgment of foreclosure, Billups continued filing challenges to that order in state court. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Popular ABS, Inc. Series 2007-A v. Billups*, 2020 IL App (1st) 191934-U, ¶ 2 (stating the issues Billups raised on appeal, including that the circuit court lacked subject matter

jurisdiction to enter the amended judgment of foreclosure and erred in amending the judgment); *id.* ¶ 15 (recounting that Billups filed a motion in the circuit court before entry of the final confirmation order arguing that the amended foreclosure judgment was void). Billups' state court filings thus suggest that the Court should not treat the entry of the amended judgment of foreclosure in the state foreclosure case as effectively final for *Rooker-Feldman* purposes because, at the time she filed her complaint in this case, proceedings in the state court could have still changed the outcome of the foreclosure judgment. *Cf. Balogh v. Deutsche Bank Nat'l Tr. Co.*, No. 17 CV 862, 2017 WL 5890878, at *4–5 (N.D. Ill. Nov. 28, 2017) (treating a judgment of foreclosure as final for *Rooker-Feldman* where "nothing in the ensuing state-court litigation would change the outcome of the judgment of foreclosure"). Therefore, the Court does not find that *Rooker-Feldman* bars Billups' claims. *See Parker*, 757 F.3d at 705–06.

### B. Claims Related to Billups' Bankruptcy Discharge Injunction

PHH next argues that this Court cannot adjudicate any claims related to PHH's alleged violations of Billups' Chapter 7 bankruptcy discharge injunction. Although PHH claims that the Court lacks jurisdiction over all but the breach of contract and breach of fiduciary duties claims for this reason, it focuses on Billups' claim that PHH violated § 524(a)(2) by communicating with her about her mortgage loan after she obtained the discharge injunction. *See* 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title . . . operates as an injunction against the commencement of or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor[.]"). The Court agrees that it cannot consider Billups' claim of a discharge injunction violation—a debtor must bring such a claim as a contempt action in the bankruptcy court that issued the discharge injunction. *Cox v. Zale Del., Inc.*, 239 F.3d 910, 916–17 (7th Cir. 2001) ("[A] suit for violation of section 524(c)

7

can be brought only as a contempt action under section 524(a)(2). . . . [A]ffirmative relief can be sought only in the bankruptcy court that issued the discharge."); *Dore v. Five Lakes Agency, Inc.*, No. 14 CV 6515, 2015 WL 4113203, at *2 (N.D. Ill. July 8, 2015) ("'A debtor dunned after' obtaining a discharge can 'ask the bankruptcy judge to hold the other party in contempt of . . . the discharge injunction.' That is the debtor's *only* remedy under Section 524—she cannot file suit in federal district court." (omission in original) (citations omitted)). Because the Court cannot entertain this claim, it dismisses Billups' claim for violation of to the bankruptcy discharge without prejudice.

PHH also argues that the Court should dismiss the FDCPA, ICFA, and RESPA claims because they are intertwined with Billups' claim that PHH violated the discharge injunction. But PHH does not explain why independent statutory claims based on the same facts that give rise to a claim for violation of a discharge injunction are therefore one in the same and also subject to dismissal. The Court leaves this question for another day, finding at this time only that Billups cannot pursue her § 524 claim in this case.[5] *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (the court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel"); *United States v. Elst*, 579 F.3d 740, 747 (7th

---

[5] The Court does note that, at least with respect to the FDCPA claim, the Seventh Circuit has made it clear that a plaintiff need not bring such a claim only in a bankruptcy proceeding. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 731–33 (7th Cir. 2004) (although the FDCPA and § 524(a) "overlap," their remedial schemes "can coexist"); *Mogg v. Jacobs*, No. 15-cv-1142-JPG-DGW, 2016 WL 1029396, at *3 (S.D. Ill. Mar. 15, 2016) (following *Randolph* to reject argument that debtor could only proceed in bankruptcy court on FDCPA claim based on conduct that allegedly violated a bankruptcy stay). At least one court has extended this analysis to RESPA claims, *see In re Laskowski*, 384 B.R. 518, 528 (Bankr. N.D. Ind. 2008) (Bankruptcy Code and RESPA can coexist), but courts are divided as to whether ICFA claims based on violations of bankruptcy orders must proceed in bankruptcy court, *compare Freeman v. Ocwen Loan Servicing, Inc.*, No. 15 C 11888, 2016 WL 3476681, at *5 (N.D. Ill. Jun. 27, 2016) (applying *Randolph* to an ICFA claim), *with Sylvester v. Select Portfolio Servicing, Inc.*, No. 18 C 5860, 2019 WL 3573577, at *1–2 (N.D. Ill. Aug. 6, 2019) (Bankruptcy Code preempted ICFA claim based on violation of reorganization plan, collecting cases).

Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.").

## II. Rule 12(b)(6) Challenges

### A. RESPA (Count VI)

PHH argues that Billups has pleaded herself out of court with respect to her RESPA claims because the exhibits attached to the TAC contradict her allegations and demonstrate that PHH complied with its obligations under RESPA. More specifically, PHH hones in on Billups' allegation that PHH failed to timely acknowledge, respond to, and conduct a reasonable investigation into Billups' June 15, 2019 QWR as required by 12 U.S.C. §§ 2605(e)(1)(A) and (2)(C). *See* Doc. 75 ¶ 222. PHH contends that because two of the TAC's exhibits directly contradict Billups' allegation, she cannot proceed on her RESPA claim.

"[A]n attached exhibit of unquestioned veracity that contradicts an allegation in a complaint overrides that allegation if, as here, the complaint refers to the subject of the exhibit and that subject is central to the claim." *Johnson v. Carrington Mortg. Servs.*, 638 F. App'x 523, 525 (7th Cir. 2016). Billups alleges she sent PHH a QWR on June 15, 2019. Section § 2605(e)(1)(A) obligated PHH to acknowledge receipt of the QWR within five business days of receiving the QWR, and § 2605(e)(2) further obligated PHH to send Billups a response within thirty days of receipt. Billups attached to her complaint a letter dated June 28, 2019 from O'Connor—one of Ocwen/PHH's attorneys—acknowledging receipt of the QWR on June 24, 2019—within the five-day window provided by the statute. Doc. 75 at 180. Similarly, she also included another letter from O'Connor dated July 23, 2019 that provides a more developed response to Billups' QWR within the thirty-business day timeframe required by statute. Doc. 75

9

at 229–30.  In light of these exhibits, Billups cannot challenge the timeliness of PHH's acknowledgement of or response to her June 15, 2019 QWR under § 2605(e).

But Billups' RESPA claim includes additional allegations that PHH does not address in its motion to dismiss or reply brief.  For example, Billups also alleges that she sent PHH a QWR in April 2019, and no exhibits attached to the TAC contradict her allegations that PHH failed to adhere to RESPA's mandates with respect to this QWR.  She further alleges that PHH failed to conduct a reasonable investigation in response to her QWRs as required by RESPA.  Doc. 75 ¶ 222.  Billups similarly alleges that PHH violated RESPA by reporting her as delinquent to credit bureaus within sixty days of receiving her letter disputing the loan servicing.  *Id.* ¶ 224.  She alleges that PHH improperly serviced her escrow account in a variety of ways, such as by failing to notify her of a shortage in her mortgage escrow account in violation of 12 U.S.C. § 2609(b).  Because PHH does not address all of Billups' allegations, the RESPA claim survives, with the exception of the portion of the RESPA claim that alleges PHH failed to timely acknowledge and respond to Billups' QWR dated June 15, 2019.

### B. Breach of Contract (Count IV)

For breach of contract claims under Illinois law, a plaintiff must plead "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages."  *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012) (citation omitted).  PHH argues that the Court should dismiss Billups' breach of contract claim because she does not allege that PHH breached any contractual provision.  PHH's cherry-picked allegations do not paint the full picture, however, ignoring, for example, Billups' allegation that "PHH and/or Ocwen unlawfully charged Billups [sic] escrow account above the limits allowed by Billups [sic] mortgage contract."  Doc. 75 ¶ 199.  Billups

further alleges that PHH has materially breached the mortgage loan agreement by "assess[ing] unauthorized late fees, legal fees, costs, [and] property inspection fees." *Id.* ¶ 200(a). While certain of the alleged breaches may not have a basis in the mortgage loan agreement, drawing all inferences in Billups' favor—as the Court must do at this stage—Billups has pleaded enough facts that could reasonably give rise to a breach of contract claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (courts should liberally construe *pro se* pleadings, "however inartfully pleaded" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). At this time, then, Billups may proceed on her breach of contract claim.

### C. ICFA (Count V)

ICFA protects consumers against unfair or deceptive business practices and is "liberally construed to effectuate its purpose." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 417 (2002). To state an ICFA claim, Billups must plausibly allege "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod*, 673 F.3d at 574 (citations omitted). She must also allege that PHH's conduct proximately caused her injury. *Id.*

PHH argues that Billups cannot proceed on her ICFA claim because ICFA does not apply to "purely private disputes," citing to several cases where courts have rejected ICFA claims based on a "single course of conduct." Doc. 80 at 13–14 (collecting cases). True, a plaintiff cannot pursue a purely breach of contract claim under ICFA, *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 169 (2005), and ICFA applies only to "consumer transactions or those having a consumer nexus," *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 595 (7th Cir. 2017). But PHH does not challenge Billups' ICFA claim as a disguised breach of contract claim or

argue that it does not involve a consumer transaction. Rather, PHH contends that the consumer transaction at issue reaches only Billups and not consumers more broadly. But contrary to PHH's argument, ICFA allows claims "based upon a single, isolated injury, and based solely upon the plaintiff's own injury." *Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436 (7th Cir. 1996) (citing 815 Ill. Comp. Stat. 505/10a(a)). Therefore, even assuming that the conduct underlying Billups' ICFA claim only affected her personally, this does not bar her claim.[6] *Id.*; *see also Stephens v. Capital One, N.A.*, No. 15-cv-9702, 2016 WL 4697986, at *7 (N.D. Ill. Sept. 7, 2016) ("Plaintiffs are not required to allege more than a single, isolated injury and need not demonstrate a wide-spread effect on consumers generally.").

## III.    PHH's Request for a Stay

In its supplemental briefing, PHH requests that the Court stay this action pending resolution of Billups' state court appeal. Although the Court has found that *Rooker-Feldman* does not bar Billups' claims, the state court judgment, once final, may have preclusive effect under claim or issue preclusion principles. *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 706 (7th Cir. 2014). The Court agrees with PHH that staying this action until the state court judgment becomes final would conserve the parties' and judicial resources. Once Billups has exhausted her appellate rights, PHH may file a motion seeking dismissal of Billups' remaining claims based on preclusion principles.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part PHH's motion to dismiss [80]. The Court dismisses the violation of bankruptcy discharge claim (Count III) without prejudice. The Court dismisses the RESPA claim (Count VI) with prejudice to the

---

[6] PHH can explore any other potential infirmities with Billups' ICFA claim in discovery.

12

extent it relies on allegations that PHH did not timely acknowledge or respond to Billups' June 15, 2019 QWR.  The Court stays this case pending final resolution of the state foreclosure case.

Dated: January 11, 2021

                                                  SARA L. ELLIS
                                                  United States District Judge